United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KEVIN SAMUEL ARGUETA ALEMAN,    §
                                §
            Petitioner,         §
                                §
v.                              §    CIVIL ACTION NO. H-26-3891
                                §
TODD BLANCHE, et al.,           §
                                §
            Respondents.        §

## MEMORANDUM OPINION AND ORDER

Kevin Samuel Argueta Aleman ("Petitioner"), a citizen of El Salvador, entered the United States without inspection in February 2008.[1] On October 16, 2025, Petitioner was arrested for aggravated assault by Harris County law enforcement officers and was subsequently transferred to Immigration and Customs Enforcement ("ICE") custody.[2] On October 18, 2025, Petitioner was served with a Notice to Appear charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 4; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, pp. 1-2.

Attorney General."[3]  On December 5, 2025, ICE turned Petitioner over to Harris County.[4]  On April 9, 2026, an immigration judge administratively closed the removal proceedings against Petitioner because he was detained at the Harris County Jail with pending criminal charges.[5]  In doing so the immigration judge noted that "the case remained under the jurisdiction and docket control of the immigration court" and stated "that either party could file a written motion to re-calendar the case."[6]

On April 29 or 30, 2026, Harris County transferred Petitioner back to ICE custody after the State of Texas dismissed the pending aggravated assault case against Petitioner.[7]  Upon Petitioner's transfer to ICE custody, an immigration judge granted the Department of Homeland Security's motion to re-calendar Petitioner's removal proceedings with the immigration court.[8] Petitioner remains in immigration custody.[9]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without

---

[3]Id.; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

[5]Id.

[6]Id.

[7]Id.

[8]Id.

[9]Id. at 3.

-2-

a bond hearing violates due process and equal protection.[10] Petitioner also alleges an as-applied challenge.[11]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitoner's detention under § 1225(b)(2) does not violate due process or equal protection because he is an applicant for admission.[12]  Petitioner did not file a reply.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a

---

[10]Habeas Petition, Docket Entry No. 1, pp. 5–12 ¶¶ 20–52. Petitioner also argues that his detention without a bond hearing is arbitrary and capricious under the Due Process Clause of the Fifth Amendment. Id. at 12–13 ¶¶ 53–59.  This claim will be addressed as part of Petitioner's broader Due Process claim. See Betancourth v. Tate, CIVIL ACTION NO. 4:26-cv-01169, 2026 WL 638482, at *1 n.2 (S.D. Tex. Mar. 6, 2026).  However, to the extent that Petitioner alleges this claim under the Administrative Procedure Act, it is foreclosed as a matter of law. Garcia v. Venegas, CIVIL ACTION NO. 1:26-CV-266, 2026 WL 1580638, at *1 n.3 (S.D. Tex. Jun. 2, 2026).

[11]Habeas Petition, Docket Entry No. 1, pp. 13–14 ¶¶ 60–64. Petitioner's as-applied challenge fails because "he presents no authority to support his claim that his circumstances present a viable as-applied due process challenge" and because § 1225(b)(2) authorizes his continued detention. Garcia, 2026 WL 1580638, at *2.

[12]Respondents' MSJ, Docket Entry No. 5, pp. 4-15.

constitutionally permissible part of that process.'"   Id. at *2
(quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).
Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action
No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only
has those rights regarding admission that Congress has provided by
statute, and because § 1225(b)(2) mandates detention of applicants
for admission until certain proceedings have concluded, Petitioner
is not entitled to a bond hearing as a matter of procedural due
process.

Petitioner's "Fifth Amendment equal protection claim is
unavailing because he fails to identify a similarly situated class
that is treated more favorably than noncitizens who entered the
country without inspection, and he does not state facts to show
that he falls outside of the statutory definition of an applicant
for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth
Circuit in Buenrostro-Menendez."[13] Soy v. Blanche, CIVIL ACTION NO.
4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

For the reasons explained above, Respondents' Motion for
Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's

---

[13]Although Petitioner argues that noncitizens who overstayed
their visas are a similarly situated class that is treated more
favorably than noncitizens who entered the country without
inspection, "Petitioner is comparing himself to a distinct group of
noncitizens who are in removal proceedings on entirely different
grounds." Respondents' MSJ, Docket Entry No. 5, p. 14 (explaining
that "entry into the United States without inspection is a criminal
offense, [while] overstaying a visa is a civil infraction").

-4-

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of July, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE